IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ESTUS and ) | |
| JOAN MARIE ESTUS, his wife, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 04-3209-CV-S-GAF |
| ) | |
| JOHN OLIVER PERRY, JR. ) | |
| and ) | |
| NEW PRIME, INC., ) | |
| and ) | |
| SUCCESS LEASING, INC. ) | |
| ) | |
| Defendants. ) | |

## AMENDED ORDER

Presently before the Court is a Motion to Withdraw and Request for Continuance filed by the Plaintiff's counsel, Corbett Law Firm ("Corbett"). (Doc. #53). Corbett seeks permission to withdraw as counsel of record for the Plaintiffs because its "representation of Plaintiffs has been rendered unreasonably difficult in that Plaintiffs are unable or unwilling to assist in the preparation of this case for the trial that is scheduled for January 17, 2006." Id. According to Corbett, Plaintiff David Estus suffers from a health condition that prevents him from traveling from his home in Pennsylvania to Missouri for any purpose, including undergoing an independent medical examination, having his deposition taken and testifying at trial. Id. The Defendants do not oppose Corbett's withdrawal from representation. (Doc. #54). Having carefully considered the facts and arguments presented by Corbett, the Motion for Leave to Withdraw is GRANTED.

1

The Plaintiff also seeks a continuance of the trial setting to allow sufficient time for Plaintiffs to obtain alternate counsel. (Doc. #53). The Defendants agree that the trial setting should be continued. (Doc. #54). The Defendants further request that discovery be reopened in this action for the limited purpose of allowing the Defendants to depose the Plaintiffs. Id. The Defendants ask that the Court advise the Plaintiffs that it will dismiss their case if they do not appear to be deposed. Id. Plaintiff David Estus' deposition was scheduled to occur on December 13, 2004 and his independent medical examination was scheduled for the following day, December 14, 2004. Id. Mr. Estus failed to appear for his deposition and his medical examination because he was purportedly unable to travel. Id. Mr. Estus' inability to travel persists and is likely to continue through trial and, therefore, the Defendants have not had the opportunity to depose him. Id. Ms. Estus' deposition is critical to this case as the nature and extent of his injuries are highly contested. Id.

The Court has the authority pursuant to Federal Rule of Civil Procedure 37(d) ("Rule 37(d)") to dismiss a cause of action where a plaintiff fails to appear for his or her scheduled deposition. Rule 37(d) provides in relevant part:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Subdivision (b)(2)(C) of Rule 37 provides:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Case 6:04-cv-03209-GAF   Document 56   Filed 12/12/05   Page 2 of 3

The Eighth Circuit has concluded that Rule 37(d) "allows the district court to, among other sanctions, dismiss an action if a party 'fails to appear' for his or her deposition." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). "A district court has wide latitude in imposing sanctions for failure to comply with discovery," and the Eighth Circuit "will reverse a decision to dismiss under Rule 37(d) only if the court abused its discretion." Aziz, 34 F.3d at 589 *citing* Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam), *cert. denied*, 493 U.S. 820 (1989). In the present case, the Court is prepared to exercise its authority and dismiss the Plaintiffs' case if the Plaintiffs fail to appear for their depositions.

Based on the foregoing analysis, IT IS HEREBY ORDERED that

(1) A final pretrial conference in this case will be held at **11:00 am on April 21, 2006.**

(2) This case is scheduled for a jury trial to commence at **9:00 am on May 30, 2006.**

(3) Discovery will be reopened for the limited purpose of allowing the Defendants additional time to depose the Plaintiffs. This limited discovery must be completed by January 31, 2006.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED:   December 12, 2005